Good morning, Your Honor, and may it please the Court, Andrew Artinsky on behalf of the Huntington Beach Unified Student High School District. This case presents a fairly narrow issue, whether or not the parent, who is not an attorney, may represent the child before the district courts. The issue left open in Winkleman, right? I'm sorry, Your Honor? The issue left open by the Supreme Court. That's correct, I believe so. In Winkleman, right? Correct. They found that the... Why is this issue ripe for discussion? I believe it is, Your Honor. Ms. Gometz-Coleman has continuously... Why don't you persuade us? Why do you think we should think it's ripe? Because this is a case that's likely to come up again. I realize it's not a mootness question. What we have is... Do you stand the concept of ripeness? Yes, I do stand it. You need to have a real controversy. This is something that needs to make a difference in the real world to have a case in controversy. And sometimes you have something that could be an issue down the road but isn't right now. And we call that, sometimes we say that's unripe and we can't or shouldn't adjudicate it, either as a prudential matter or as a constitutional matter. Is there anything that would change in the current status of litigation if we were to reverse the district court's ruling? I believe that what we would have is an unrepresented child being represented by a parent who's not an attorney. No, but would there be any substantive consequences? Is there some sort of form of relief that they can get by representing the child that they can't get by just representing themselves? What would be the difference? Why are you spending the taxpayers' money taking an interlocutor appeal litigating this issue? What do the taxpayers of Huntington Beach gain by paying you to be here? Huntington Beach is going to hopefully preserve the ability to have the child represented by an attorney and not have to come back and re-litigate the action if this court subsequently rules that it was error on the part of the district court to permit Ms. Kumetz-Cohen to continue to represent her child. But that's something you could decide. That's something that could be litigated at the end of the case as well. The appeal could be taken at that point. But it's an issue that is presently ripe, I believe, simply in order to preclude the potential for continuing litigation. Ms. Kumetz-Cohen has had counsel in the district court, which was relieved. She's had counsel pending the appeal here. And now she has counsel that stepped in at the last moment. Depending on the circumstances, we'll be right back where we started. I don't understand something. Let's suppose the parents are not permitted to represent the child by the district judge. The district judge says, under Winkleman, you can represent yourselves, not the child, and they win or they lose. Or let's suppose the contrary. The district judge says, Winkleman didn't say one way or the other. I'm going to let the parents represent the child. One of those two things is a mistake. The case comes up to us, but it seems to me it would come up to us not on the issue of the representation of the child, but on the issue of whether the district offered the child a fair and appropriate public education. I can't remember all the jargon they use, and attorneys' fees, and reimbursement for private school costs, the usual sort of thing in IDEA cases. I can't see how the result would be different now that we know that the case can go forward without an attorney, on the parents' behalf at least, under Winkleman. I don't see any ñ I don't actually understand how you could be forced to litigate it twice. Well, it seems to me, Your Honor, that if Winkleman doesn't, and I don't believe it does, specify that there is absolute congruity between the child's rights and the parents, the case has barely started at the district court when this issue came up. It doesn't say one way or the other, but it says the parents can appear pro se on their own behalf. Yes, they may represent their own interests. The question is the child's interests. Well, in your view, what's the difference in practical terms? What will the parents not have or what will the child not have that they have? At the risk of cutting my own throat, at the moment it's hard to find those out, but I certainly don't believe that. Why not wait until later in the litigation when there might be a difference, or at the end of the litigation we'll know whether there was or was not, and we'll know whether, in fact, there was a controversy there. If you get to the end of the case and you still have to cut your own throat and say it makes no difference at all, aren't you then just asking, wouldn't you just then be asking us at that point to give an advisory opinion? I don't believe so, because we're going to, if the court finds that this is not right, we go back to the district court and we go through the entire process. And you may discover that there's no difference because the parents have everything and the child has everything that you're interested in. Or we may discover that there is. But, see, that's the problem. That's an or. We don't know yet. There's not a real controversy. It's an abstraction. I'm trying to make this concrete. I'm thinking back when I would occasionally get appointed to represent children, sometimes I'd wind up taking the side against the parents. Sometimes I'd wind up taking the side with the parents. Occasionally there might be a third interest that the children had that was different from both the parents and the other side. And I'm trying to figure out in this case what that could be. It looks to me, all I can think of right offhand is that either the parent sides with the district and bludgeons the parents into submission in private negotiating sessions, or the guardian ad litem or appointed counsel sides with the parents and makes the district's job that much harder. I don't see the third way right offhand. Or the parent prefers. We have two parents here, one who has not appeared at all, one who has represented herself. We have the child's interests. The parent, one of the parents, may decide that what they would prefer is reimbursement in hard dollars versus a particular application of some type of educational program. At that point, you may or may not have a live issue. Why don't we just wait and see? Yeah. You might get the end of the case. There's no difference at all, in which case it would make no difference. And you're asking us to just give you an advisory opinion for no reason at all. You want to save the three minutes you have? Yes, Your Honor. Thank you. May it please the Court. My name is William Booth. I represent Appellee Andrea Coleman-Kumetz. I had the impression that she was representing herself. That's correct, Your Honor. She had asked me to basically represent her in orally arguing her appeal. Or, I'm sorry, her side of the appeal. So you have been retained as her lawyer? Yes. Just for purposes of this appeal, correct. Your Honor. I mean, that is a yes. Yes. Yes, Your Honor. Absolutely. I mean, I'm not asking an extended representation, but here today you are representing the mother, right? That's correct, Your Honor. Okay. How about the father? No, Your Honor. I do not represent the father at this point in time. Okay. Your Honor. Who is the – the caption is kind of confusing. The mother is the guardian ad litem. That's correct, Your Honor. And the father is involved in this litigation. How? Yes. He has sued on his own behalf under Winkleman, as has the mother. Of course, this was before the Winkleman decision had been decided, but they're asserting their own personal rights, and then the child is asserting his rights through his mother as guardian ad litem. And I suppose that's where the issue really lies here. That's a big if. Does the child have some different interests or rights from the parents after Winkleman? I believe so. I believe so, Your Honor, and this is what I believe, and please bear this out. The child, although the child and the parents have rights under IDEA that are coterminous and coextensive, and I understand that, and I have been unable to find any difference between what the child can obtain and what the parents can obtain. Is this another autism LOVAS method case? Yes, Your Honor. Although that may be the case, I believe that their rights are independent of each other, and this is why. Assume for the sake of argument that DK in this case had not been named in the complaint and that it was the parents pursuing this complaint. In that situation, if the parents sometime down the road decided to either dismiss the case or they've died and their case has been abandoned or whatever, then the question then becomes whether or not DK could come back and file suit, and he very well may not be able to when there's statute of limitations. That's a what if. Well, I understand that, but this is just to illustrate. So you agree, Mr. Olchinsky, that you think the case, the issue is ripe for decision? I'm sorry, Your Honor? You agree with opposing counsel? You think the issue is ripe for decision? I believe that this issue should be determined, yes, Your Honor. I believe it is ripe. And the only reason I believe that, Your Honor, is because of the fact that this case is ripe. And explain to me why isn't this advisory at this point? Because the child has substantive rights in this particular case that could be cut off. Could be. Yeah. Haven't been yet. I mean, we don't know. Let me explain what I mean, Your Honor. You know, I fully understand what the potential is, the parade of horribles and everything else, but we don't have any of those yet. It's still an abstraction. It's still a maybe or a possible. Well, if the – if this Court decides that – I mean, the district court – just to follow up on what Todd said, the district court has allowed the parent to represent the child, so the child is represented in district court. That's correct, Your Honor. There is no divergence of interest at this point as to make any practical difference, so I don't understand why you're taking the position that it's ripe. Well, if this Court decides that D.K. does need to be represented by counsel and then it goes back down to the district court and D.K. and the parents are unable to find an attorney and his case is dismissed, his substantive rights have been interfered with and he may not be able to assert his claim. So I would think in the interest of your client, you would argue that the issue is not ripe. Sure. That's what I would have guessed, but I don't get it at all, why you're taking  There's something I'm missing here.  Maybe it's because I don't understand and maybe it's because both lawyers know something that I don't know. One of the nice things about the requirement for a case for controversy and the mootness doctrine is it prevents us from being a legislature. It means we can only decide cases. I don't know what this case is. It looks as though you both want us to expound on the law generally with regard to representation of children. We're not going to do that in all likelihood for you. All we're going to do is decide a case, and we don't have one. The most I know is that this is an autism LOVAS method case, but I still can't figure out what the differences would be. Typically in those cases, the parents say the LOVAS method would be better for our kid. The district says, no, no, an eclectic method is better for the kid and it's a lot cheaper. We don't want to pay for the LOVAS method. And that's the whole case. And then you have experts on both sides. I have no idea what this case is and why it matters, whether the child is represented, whether he's not represented, what's likely to happen. I can't turn the abstract into the concrete because I don't know anything concrete. The only way I can address that, Your Honor, is that the child has an independent individual right in this. And that is because if something were to happen to the parents, if the parents were decided at one point in time not to do it. I have a right to have nobody run the stop sign down the street there. That's right. But unless they hit my car, I can't sue anyone for doing it. That's correct, Your Honor. I understand that. But if somebody hit your car and both you and your wife were in the car, then each of you would have an independent right of each other. Then we'd have a real case. But I can't figure out what this case is. This is a little different than that scenario, and I agree. It's a lot different than that scenario. It's because the remedies are coextensive. I understand that. But if something were to happen to the parents. What I don't understand is, you know, your client now has everything she wants. Why are you in here taking the position that you really want us to make a ruling that can only harm her interest? It can't possibly improve because she already has everything she wants. I am baffled why you're taking the position that we really ought to rule. Well, you know, we might agree with the district court. But, again, if we have to rule, it might as well do your client a disservice. The consequence might well be that it goes back to district court if we disagree with district court, and the child has to be kicked out of the lawsuit or get a lawyer. My client has been met with the very cruel reality that the delay in this lawsuit and the delay on this appeal has created a situation where the child may have suffered an educational deficit. And at this point in time, in order to go back down and then relitigate this case and then come back up to litigate this issue will cause even more delays. And that's why we're taking this particular position. We wouldn't be relitigating. You'd be litigating in the first place. So we'd have something concrete to look at. But the point is, Your Honor, is that we would be taking a longer period of time to decide these issues. How? Well, because then we would come back up on appeal on the very same issue later on. Plus, well, perhaps. Perhaps. But you see, Your Honor, the delay. Has the case been stayed pending this appeal? The case is stayed pending appeal. Well, if you get everything you want in district court, I shouldn't think you'd be back on appeal. We wouldn't. But I have a feeling that we would be back up here at the request of the school district. And you see, Your Honor, every delay. You know, everything everybody says is starting with if and maybe and I have a feeling. And that's the problem. But the child has rights today. And they're independent of the parents. And that's what I'm trying to say. And by saying if, I'm just trying to illustrate that fact. I'm not trying to pose some hypothetical for the courts to decide. What I'm trying to impress upon the court. Well, you really are. And to me, it looks to me like you're taking a big gun and shooting yourself with your client in the foot. You know, unloading all six barrels. Okay. Do you have anything else? Your Honor, the only thing else that I would like to add to this, and I realize where the court is going, but I would like to at least oppose the argument that there are some cases which stand for the proposition that children can be represented by their parents in the district court. And specifically, these cases deal with adverse supplemental security income disability decisions. And I see that my time is running out. I don't get to get into that. But I at least wanted to approach that topic. We were in your brief or rather the mother's brief. Okay. Thank you. Thank you, Your Honor. Mr. Olchinsky, do you have anything further? I'll submit, Your Honor. The case's argument stands submitted. We'll next hear argument of the United States v. McGowan.
judges: Kozinski, Trott, Kleinfeld